UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LLOYGILE SMITH,

                                    Plaintiff,

             -against-

ADAN RIVERA and SUNLAND
DISTRIBUTION OF FLORIDA, INC.,

                                    Defendants.

ANALISA TORRES, District Judge:

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___3/2/2026___

25 Civ. 3221 (AT)

**ORDER**

On March 19, 2025, Plaintiff, Lloygile Smith, brought this action for damages in Supreme

Court, Bronx County, against Defendants, Adan Rivera and Sunland Distribution of Florida, Inc.,

alleging that he suffered personal injuries arising from a car accident in August 2022.  *See*

*generally* Compl., ECF No. 1-2.  On April 17, 2025, Defendants removed the case to federal court

on the basis of diversity jurisdiction under 28 U.S.C. § 1332.  *See* Notice of Removal ("NOR"),

ECF No. 1.  Smith requests that the Court remand the action to state court, arguing that the parties

are not completely diverse.  Mot., ECF No. 9; Gechlik Aff. I., ECF No. 10; Mem., ECF No. 11;

*see also* Opp., ECF No. 13; Hutchinson Decl., ECF No. 12; Gechlik Aff. II, ECF No. 14.  For the

reasons stated below, the motion is GRANTED.

**LEGAL STANDARD**

A defendant may remove "any civil action brought in a State court of which the district

courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  Federal district courts

have original jurisdiction over cases between citizens of different states when the amount in

controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a).  Where removal is based on diversity

jurisdiction, there must be complete diversity both at the time of removal and at the time the state

court complaint was filed.  *See United Food & Com. Workers Union, Loc. 919 v. CenterMark*

*Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). "On a motion to remand, the burden of showing complete diversity falls on the party seeking to sustain the removal, not the party seeking remand." *Derrica v. Tura, Inc.*, No. 21 Civ. 8820, 2022 WL 1421452, at \*1 (S.D.N.Y. May 5, 2022) (quotation marks and citation omitted); *see also Montefiore Med. Ctr. v. Teamsters Loc. 272*, 642 F.3d 321, 327 (2d Cir. 2011).

The resolution of this motion turns on Smith's citizenship. For jurisdictional purposes, an individual is a citizen of the state in which they are domiciled. *See Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). "Domicile is 'the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.'" *Id.* (quoting *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998)). "At any given time, a person has but one domicile." *Id.* In determining a person's domicile, courts consider the totality of the evidence, including but not limited to a party's statement, as well as the party's residence, voting registration, driver's license and automobile registration, location of financial accounts, community ties, places of employment, and payment of taxes. *See, e.g.*, *Finnegan v. Long Island Power Auth.*, 409 F. Supp. 3d 91, 96 (E.D.N.Y. 2019). A party's motive in establishing domicile in a particular state, even if for jurisdictional purposes, does not change the Court's analysis. *See Peterson v. Allcity Ins. Co.*, 472 F.2d 71, 74 (2d Cir. 1972).

"[A]ll doubts should be resolved in favor of remand." *Leslie v. BancTec Serv. Corp.,* 928 F. Supp. 341, 347 (S.D.N.Y. 1996) (internal quotation marks and citation omitted).

## DISCUSSION

Smith claims that during the relevant time period, he was domiciled in New Jersey. *See* Mem. Defendants insist that he was domiciled in New York. *See* Opp. The Court conducted a hearing on the issue of Smith's domicile on February 9, 2026, and credits Smith's testimony from

that hearing.  The parties did not present any other witnesses.  At the hearing, Smith testified that he moved from the Bronx to Orange, New Jersey to live with his aunt "because of economic hardships [he had] been having since [his] automobile accident."  Smith Aff. ¶ 5, ECF No. 10-4; *see* Feb. 9, 2026 Hrg. Tr. 5:23–6:10.  Pursuant to a written one-year lease, he paid his aunt $1,200 per month in rent.  Smith Aff. ¶¶ 6–7.  In March 2025, days before filing this lawsuit, Smith "surrendered to the New Jersey [Department of Motor Vehicles ("DMV")] [his] New York State driver's license."  *Id.* ¶ 12; *see also* ECF No. 10-10.  As proof of residence, he provided the DMV with "a copy of his lease," "a phone bill from Verizon," and his "TD bank statement," all of which reflect his New Jersey address.  Smith Aff. ¶ 12; *see also* ECF No. 10-7 (bank statement from March 2025); ECF No. 10-8 (Verizon phone bill from April 2025).  As of May 2025, Smith was "in the process of applying for a job" as a driver for DoorDash or UberEats in New Jersey.  Smith Aff. ¶ 16; *see* Cole Aff. ¶ 9, ECF No. 10-5.  At the hearing, Smith stated that he was on the waiting list for such a job.  *See* Feb. 9, 2026 Hrg. Tr. 7:2.

Smith testified that from about December 2024 through April 2025, he would spend multiple days a week doing part-time, paid home renovation work for a friend at 94-13 Forbell Street, Ozone Park, New York.  *See, e.g.*, Feb. 9, 2026 Hrg. Tr. 7:7–8:22.  On several of those days, because he needed to start working early, he would spend the night at the Forbell Street address instead of returning home to New Jersey.  *Id.* at 7:16–24, 9:23–10:19.  Smith also testified that he was arrested in New York in February 2025 and was given to understand that if he were to offer the arresting officers a New York residence address, he would be released on bail.  Therefore, he stated he lived at the Forbell Street address.  *See id.* 13:25–14:22.  Smith now works at a

restaurant in the Washington, D.C. area. *Id.* 16:20–17:2. He has two days off per week, and when he is not working, he returns home to New Jersey. *Id.* 17:24–18:14.

The Court concludes that Defendants have not satisfied their burden of establishing complete diversity when the action was filed and removed. Neither the arrest records nor the surveillance evidence showing that Smith was observed entering and leaving the Forbell Street residence on five days during April and May 2025 are inconsistent with Smith's testimony that he would spend a few nights per week in New York in connection with his part-time job. *See* ECF Nos. 12-1 at 1, 12-2 at 5 (arrest records); ECF Nos. 12-3, 12-4 (surveillance evidence). Staying overnight in New York for brief periods does not establish that Smith was domiciled there. *See Finnegan*, 409 F. Supp. 3d at 96 ("Domicile is not synonymous with residence; a party can reside in one place and be domiciled in another." (quotation marks omitted)). Smith moved to his aunt's home because of economic hardship, signed a one-year lease, and took all his personal belongings from New York with him, reflecting an intent to remain in New Jersey. *See* Smith Aff. ¶¶ 5–8. "No minimum time period is required to establish domicile, and 'although intent to remain in the state is a key element of demonstrating a change of domicile, the person need not have the affirmative intent to remain there permanently.'" *Finnegan*, 409 F. Supp. 3d at 96 (quoting *Hidalgo v. City of N.Y.*, No. 14 Civ. 2282, 2015 WL 1729811, at *2 (S.D.N.Y. Apr. 14, 2015)). Moreover, Defendants did not surveil Smith's New Jersey residence in March and April 2025. *See* ECF Nos. 12-3, 12-4. Thus, Defendants' evidence does not show that Smith did not, as he claims, return home to New Jersey when he was not working. *See* Feb. 9, 2026 Hrg. Tr. at 7:16–18. Because all doubts should be resolved in favor of remand, *see Leslie*, 928 F. Supp. at 347, the Court finds that Smith was a citizen of New Jersey at all relevant times.

The parties agree that Defendant Rivera is also a citizen of New Jersey.  *See* NOR ¶ 6. Because Plaintiff and Defendants are, therefore, not completely diverse, the Court lacks jurisdiction over this action and grants Smith's motion to remand.  *See* § 1332(a)(1).

<strong>CONCLUSION</strong>

For the foregoing reasons, Plaintiff's motion to remand is GRANTED.  The Clerk of Court is respectfully directed to terminate the motion at ECF No. 8 and close the case.

SO ORDERED.

Dated: March 2, 2026
       New York, New York

_____
ANALISA TORRES
United States District Judge